(3 App. Div. 582.)

## SHIELDS v. ROBINS.

(Supreme Court, Appellate Division, First Department. April 10, 1896.)

1. STATUTORY DUTY—WAIVER OF PERFORMANCE—ASSUMPTION OF RISK.
   An employé who, knowing that there was no roof or cover to an elevator, continued to use the same, assumed the risks incident thereto, and waived the performance of the duty to provide a covering for said elevator, whether such duty was imposed by statute or a building inspector or not.

2. INJURY TO EMPLOYE—KNOWLEDGE OF DEFECTS—ASSUMPTION OF RISK.
   A door of a hatchway in the roof of a building occupied by defendant closed from below. Leading from the top floor to the hatchway there was a ladder, which was in a slippery condition. Plaintiff had knowledge of the changes which had been made in the building to adapt it to the uses of defendant's business, and plaintiff personally directed the setting up of the machinery, and reported to defendant such alterations, including repairs to the elevator and the floors of the building, as were necessary, which were made under plaintiff's direction. One of defendant's employés, while standing upon said ladder, endeavoring to fasten said door, slipped, and thereby caused to fall from his hand, a mallet which, after striking the floor, bounded into the elevator shaft, and struck plaintiff, who was coming up on an uncovered elevator. Held, that if the proximate cause of the accident was the manner of closing said door and the condition of said ladder, then those defects were obvious, and were known to plaintiff to exist, and, as he therefore assumed the risk, he could not recover for the injuries sustained.

Appeal from superior court of New York City, special term.

Action by John Shields against John N. Robins for personal injuries. From a judgment entered upon the decision of the court dismissing the complaint, plaintiff appeals. Affirmed.

The action was brought to recover damages for personal injuries to the plaintiff, alleged to have been caused by the negligence of the defendant. The defendant occupied the building No. 32 Washington street, where he carried on the business of repairing steamships. The building was six stories high,

with an elevator shaft running from the bottom to the top. The elevator was an uncovered platform that went up and down on a wire cable, and was used by the workmen in the building to carry iron bars, rods, coal, and other materials used in the business. There was a blacksmith's shop on the upper floor, and above this floor, in the roof of the building, there was a scuttle or hatchway, which was closed with two trapdoors, one shutting down from above and the other shutting up from below. The upper door was originally provided with a hook and staple to fasten it, but at the time of the accident the staple was broken, and a nail and string had been put in its place. The lower door was hung upon hinges, and was fastened up by the use of a stick resting upon the ladder running from the upper floor to the scuttle or hatchway. This ladder had board steps about four inches wide, instead of round, and at the time of the accident the steps were greasy and slippery. The elevator platform was uncovered, had no grating or screen or iron above it. The accident occurred July 3, 1893. The plaintiff was going upon the elevator in the performance of his duties. At the same time, McDowell, another employé, had gone up the ladder to fasten the lower door in the scuttle or hatchway in the roof. He had with him a piece of wood and an oaken mallet, the one or the other to be used in securing the lower door. The stick generally used for the purpose was gone. McDowell pushed the door up to its place, and tried to fasten it with the piece of wood, but it did not work. He tried the mallet, and that would not do. He then held the mallet in one hand, and tried to work the piece of wood in tight between the door and the step of the ladder, and in doing this his foot slipped on the ladder, and the mallet slipped out of his hand and fell. It struck the floor below, and bounded into the elevator shaft, and, falling down, struck the plaintiff, who was coming up on the elevator, upon his head and shoulders, and caused the injuries for which the action was brought. McDowell was a boiler maker, and his hands were greasy and slippery at the time of the accident. The plaintiff had been in the defendant's employ for 21 years, was originally a machinist, and was made assistant superintendent in March or April, 1893. The business was moved into the Washington street building a few months before the accident. There had been a soap manufactory in the building before that. Changes were made in the building to adapt it to the uses of the business, from time to time, before the accident. Plaintiff had knowledge of these changes. He personally directed the location and setting up of the machinery. He reported to the defendant such alterations and repairs as were necessary to be made in the building, and they were generally made under plaintiff's direction. As to the elevator, boards were put around the hatches on each floor, and coverings, like trapdoors; new pulleys were put in the elevator, and a new wire cable for it to run on; also a new carriage and car. Plaintiff had charge of these changes and repairs. He also directed repairs in the floors of the building, and suggested any other alterations or repairs that he thought ought to be made.

On the trial the plaintiff read in evidence a deposition made by defendant, wherein defendant testified that the inspector of buildings called upon him, after he went into the Washington street building, and, among other things, directed him to put a covering or roof over the elevator; but he did not comply with this direction until after the accident. The plaintiff alleged in his complaint that his injuries were caused solely by the negligence of the defendant, and by the improper and defective construction of the hatchway in the roof of the building; and plaintiff's counsel, in his brief, claims the real cause of the accident was the defective construction of the hatchway or scuttle in the roof and the defective condition of the ladder leading to it.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Everett P. Wheeler, for appellant.
Alden S. Crane, for respondent.

WILLIAMS, J. The complaint hardly alleges as ground of negligence the failure of defendant to comply with any statutory duty

imposed upon him to provide a roof or cover for the elevator as directed by the inspector of buildings. But, even if the pleading was sufficient to enable him to litigate that question, still the evidence, taken all together was insufficient to support a recovery upon such a theory. The plaintiff knew there was no such roof or cover to the elevator, and continuing in defendant's employ, and using the elevator with such knowledge, he assumed the risks incident to the use of the elevator as it was, and waived the performance of the duty by the defendant to furnish such appliance, whether required by the statute or inspector of buildings or not. Freeman v. Mill Co., 70 Hun, 531, 24 N. Y. Supp. 403, affirmed, without opinion, 142 N. Y. 639, 37 N. E. 567; Knisley v. Pratt, 75 Hun, 323, 26 N. Y. Supp. 1010, reversed 148 N. Y. 372, 42 N. E. 986. These cases effectually dispose of several decisions of general terms in the state to the effect that an employé could not be held to have assumed the risks incident to the use of defective appliances, where the employer had failed to comply with provisions of the statute, but where the actual condition of the appliances was known to the employé. See, also, Marsh v. Chickering, 101 N. Y. 396, 5 N. E. 56. There could, therefore, be no recovery here for the negligence of the defendant in failing to put the roof or cover over the elevator. This defect was obvious, and was well known to the plaintiff, and he voluntarily assumed the risks incident to the use of the elevator without this appliance.

The only question remaining is whether, under the evidence, the jury could properly have found negligence on the part of the defendant which caused the accident with reference to the construction or condition of the lower door of the hatchway or scuttle in the roof, and the ladder leading to it from the upper floor. The only defects that could be complained of were in the manner of fastening the doors, and greasy and slippery condition of the ladder. It is doubtful if these defects could be said to have been the proximate cause of the accident. The defendant suggested that the proximate cause of the accident was the carelessness and negligence of McDowell, the co-employé of the plaintiff, and therefore no recovery could be had. We think this is hardly an answer to the plaintiff's theory of negligence. Even if it was found that McDowell was negligent, still the question would remain whether the accident would have occurred but for the negligence of the defendant himself, as to the construction and condition of the door and ladder. If it would not, then the defendant would be liable, notwithstanding the negligence of McDowell may also have contributed to the accident. This question would have been one of fact for the jury. The appliance for fastening the door, and greasy and slippery condition of the ladder, might well have been found by the jury to be defective and dangerous, and, if the accident had resulted directly from such defective condition, they might have been found to have been the proximate cause of the accident. It is said the direct result of these defects was the dropping by McDowell of the oaken mallet. The mallet dropped upon the floor below, and, bounding, happened to go down the elevator shaft. If it had bounded in any

other direction, or the trapdoor in the upper floor in the elevator shaft had been closed, or there had been a cover or roof over the elevator, no injury would have resulted to the plaintiff. It is doubtful, under these circumstances, if it could properly be said that these defects were so directly connected with the accident that they were the proximate cause thereof. It seems to us, however, that it must be said these defects were obvious, and were known to the plaintiff to exist, and that, under the rule hereinbefore referred to, he must be held to have assumed the risks incident to the use of the door and ladder as they were. They were open to observation; and the position of the plaintiff, his employment, and the duties performed by him after the occupation of the building, were such as would fully apprise him of the condition of the door and ladder as they actually existed. We are of the opinion, therefore, upon the whole case that the complaint was properly dismissed by the trial court, and that the judgment should be affirmed, with costs. All concur.