Cincinnati, etc., Electric St. R. Co. *v.* Cook—45 Ind. App. 401.

modify it, and no exception thereto was saved by appellant in the court below. It is well settled that the form of a judgment cannot be assailed in this court unless objection was made thereto in some proper manner in the court below. *Walter* v. *Walter* (1889), 117 Ind. 247; *Evans* v. *State* (1898), 150 Ind. 651; *Tucker* v. *Hiatt* (1898), 151 Ind. 332, 44 L. R. A. 129; *Allen* v. *Studebaker Bros. Mfg. Co.* (1899), 152 Ind. 406; *Gullett* v. *Phillips* (1899), 153 Ind. 227; *Fralich* v. *Barlow* (1900), 25 Ind. App. 383; *Felt* v. *East Chicago, etc., Co.* (1901), 27 Ind. App. 494; *Duzan* v. *Myers* (1903), 30 Ind. App. 227, 96 Am. St. 341; *Kelley* v. *Houts* (1903), 30 Ind. App. 474.

Furthermore, the language of the decree is that "if said judgment is not stayed or security given for the payment thereof within thirty days from the date of said judgment, as required by law," etc. Sections 732, 733 Burns 1908, §§690, 691 R. S. 1881, provide how bail or stay of execution may be taken, prescribe the class of sureties and who shall approve them. The language of the decree given clearly implies that the stay shall be taken in accordance with said sections. There is no available error in the record.

Judgment affirmed.

---

## CINCINNATI, LAWRENCEBURG AND AURORA ELECTRIC STREET RAILWAY COMPANY *v.* COOK.

[No. 6,905. Filed February 24, 1910.]

1. RAILROADS.—*Interurban.*— *Negligence.*— *Highway Crossings.*— *Complaint.*—A complaint by a husband alleging that his wife was driving along the highway, that defendant interurban railroad company's motorman sounded his whistle, frightening one of the horses, that the team ran near the track and that such motorman, seeing the condition of the team, negligently ran his car against the wagon, to the injury of plaintiff's wife, and to his damage, states a cause of action. p. 404.

2. RAILROADS.— *Interurban.— Complaint.— Allegations.— Recitals.* —Allegations that "when said horse became frightened and unmanageable, it was in plain view of the defendant's motorman," and that "such condition existed a sufficient time for defendant's motorman to check the speed of the car and stop it, before striking said horses and wagon," are direct averments of issuable facts.   p. 404.

3. EVIDENCE.— *Character of Household.— Injuries to Wife.— Husband's Damages.— Railroads.* —In an action for damages, by a husband, for injuries to his wife, evidence that, in addition to his own family, he employed at times four farm hands, is admissible as showing the value of her services.   p. 405.

4. EVIDENCE.— *Injured Condition of Wife on Night of Injury.— Railroads.* —Evidence of the condition of his wife on the night of the accident is admissible in an action for damages by the husband against an interurban railroad company for injuries to such wife.   p. 405.

5. DAMAGES.— *Suffering of Wife.— Husband's Recovery for.* —A husband cannot recover damages for the pain and suffering of his wife.   p. 406.

6. EVIDENCE.— *Condition of Railroad and Wagon Tracks.— Opinions as to Happening of Accident.* —Evidence of the appearance of vehicle tracks along a railroad track is admissible; but opinions as to how the accident occurred are improper.   p. 406.

7. EVIDENCE.— *Extent of Injuries.— Partly Incompetent Answers.— Motions to Strike Out.* —Where a physician in answer to a question as to the extent of the injuries to plaintiff's wife said that the prognosis for getting well was bad, that the condition might go on, and that she might become insane or epileptic, or develop abscesses on the brain, a motion to strike out the entire answer should be overruled, the incompetent parts, even if improperly retained, not constituting reversible error.   p. 407.

8. RAILROADS.— *Unruly Horses.— Husband Entrusting to Son.— Contributory Negligence.— Jury.* —Whether a farmer was guilty of contributory negligence in entrusting his wife and son to drive a team containing one unruly horse along a highway, knowing that interurban cars would pass thereover, is a question for the jury.   p. 408.

9. NEGLIGENCE.— *Driving Unruly Team on Highway Where Interurban Cars Pass.* —The driving of an unruly team along a highway, knowing that interurban cars pass thereover, does not constitute negligence.   p. 408.

From Ohio Circuit Court; *George E. Downey*, Judge.

Action by Andrew T. Cook against the Cincinnati, Lawrenceburg and Aurora Electric Street Railway Company.

From a judgment on a verdict for plaintiff for $2,700, defendant appeals.  *Affirmed.*

*Stanley Shaffer, Frank B. Shutts* and *Martin J. Givan,* for appellant.

*Thomas S. Cravens* and *Wymond J. Beckett,* for appellee.

RABB, P. J.—This was an action by appellee to recover damages for personal injuries alleged to have been sustained by his wife, and to have been proximately caused by the negligence of the appellant.  Appellant's demurrer to the complaint was overruled, the case put at issue, a jury trial had, resulting in a verdict in favor of appellee.  Appellant's motion for a new trial was overruled, and judgment rendered on the verdict.

A reversal is claimed on account of alleged errors of the court below in overruling appellant's demurrer to the complaint, and in the admission and rejection of certain items of evidence.

The averments of the complaint essential to present the question raised by appellant's demurrer are as follows: "That appellant operates an electric street railway between the cities of Aurora and Lawrenceburg; that its line of road runs along and over a public highway; that appellant's wife was driving along said highway from Aurora to her home, at a point on said highway between the two cities; that she was traveling in a wagon drawn by two horses, driven by her son; that, while she was so traveling along said highway, one of appellant's traction cars approached her at a high rate of speed from the rear; that the motorman in charge of the car, on approaching said team and wagon, sounded the whistle attached to the car, and thereby caused one of the horses drawing said wagon to become frightened and rear and plunge and run upon the track of the railroad; that appellant's servant operating said car could plainly see the frightened and unmanageable condition of said horse; that, when said team and wagon were so close to appellant's

track that said car could not pass without striking it, and when said motorman could see and know that he could not pass the wagon and team without striking it, and when he could, by the exercise of ordinary care, have stopped the car and avoided a collision, nevertheless he negligently ran his car against said wagon and team, and caused the injury complained of.''

There are other averments in the complaint undertaking to charge appellant with negligence in sounding the whistle and running its car at a high rate of speed. These averments are introductory and incidental. The gravamen of the complaint does not lie in the averment that appellant ran its car at a high rate of speed, or that its motorman negligently sounded its whistle on approaching the team, but in the fact that, after appellant's motorman knew that the team drawing the vehicle in which appellee's wife was riding was frightened and unmanageable, and had on that account brought said wife into a position of peril from the approaching car, said motorman negligently continued to approach with his car, when he could, by the exercise of ordinary care, have stopped it in time to avoid the collision and injury, and that he failed to do so, and ran into the wagon and team and caused the injury.

The criticism urged against the substantive averments of the complaint is that they are mere conclusions of the pleader, and not direct averments of issuable facts.

2. We are not able to agree with appellant's contention that the averment in the complaint, that ''when said horse became frightened and unmanageable it was in plain view of the defendant's motorman,'' does not state clearly an issuable fact, as does also the averment that ''such condition existed a sufficient time for defendant's motorman to check the speed of the car and stop it before striking said horses and wagon.'' It is said, in argument, that no

facts are averred from which the court could say that defendant's motorman could have stopped the car, etc. The ultimate issuable fact was whether the motorman could have stopped the car, etc. That was one of the essential facts to be established by appellee to make out his case. Facts tending to show that this could have been done would be merely evidentiary, and improper to appear in the pleading. We think the facts averred in the complaint state a good cause of action, and this view is well supported by the cases of *Indiana Springs Co.* v. *Brown* (1905), 165 Ind. 465, 1 L. R. A. (N. S.) 238, and cases cited; *McIntyre* v. *Orner* (1906), 166 Ind. 57, 4 L. R. A. (N. S.) 1030, 117 Am. St. 359.

The court, over appellant's objection, permitted appellee to testify that, in addition to other members of his family, he employed at times four farm hands, who lived in his home and boarded with him. It is insisted that this evidence was not within the issues. This contention cannot prevail. Appellee's complaint proceeds upon the theory that his wife had the management and control of his household affairs, and that he has been damaged by reason of her disability properly to discharge her duties in that respect, and any evidence tending to illustrate the state and condition of appellee's family or household, which would be affected by the disability of its head and manager, would be competent.

Appellee was asked by his counsel to describe his wife's condition the night of the accident. The objection urged against the question was that the evidence sought to be elicited would not tend to prove or disprove the loss of services. One of the essential facts of appellee's case was that his wife received bodily injury from the accident described in the complaint, which impaired her ability to discharge her duties as appellee's wife. Any evidence tending to establish this fact was clearly within the issues. Her physical condition immediately after the acci-

dent happened would certainly tend either to establish or overthrow appellee's contention with reference to this particular point. The witness, in answer to the question, testified to expressions of pain made by his wife at the time. The question did not necessarily call for such expressions, and appellant is correct in its contention that the jury have no right to allow the husband damages for his wife's physical or mental suffering. It does not, however, follow that the fact of such suffering may not be shown in evidence, in a suit by the husband to recover for the loss of his wife's services, occasioned by the injury. The physical or mental pain and suffering of the wife may itself affect her ability to perform her wifely duties.

One of appellant's witnesses testified to the appearance and condition of the ground at the scene of the accident, and described certain tracks made by the team and wagon approaching the railroad track. After having described the tracks made by the wagon, and their proximity to the tracks of the appellant's line of railway, the witness was asked this question: "And from the appearance there of the tracks, leading in to the street railway track, what would that indicate to you, as to how the horses got on the street railway track?" Appellee's objection to this question was sustained, and this ruling is insisted upon as error, and 3 Wigmore, Evidence, §1924, and *Sievers* v. *Peters, etc., Lumber Co.* (1898), 151 Ind. 642, are cited as authorities to sustain appellant's contention that the witness should have been permitted to answer the question. The facts which the testimony of the witness had reference to were the relation of the wagon tracks to the railroad tracks at the point where the accident happened. The testimony of the witness and of other witnesses could clearly and accurately present to the jury just how the wagon tracks approached the railroad track, so that the jury would be in as good a position to know what these appear-

ances indicated as would the witness. The facts in this case, to which the witness was testifying, are entirely without the rule laid down in the authorities cited, and no error intervened in sustaining the objection to the question.

During the trial, Doctor Walter, a physician who had treated the appellee's wife for the injuries sustained on account of the accident, after having given his testimony with reference to the lady's condition, and his treatment of her, was asked this question: "What is your opinion, Doctor, as to whether Mrs. Cook will get better or worse in the future; what is your prognosis of her condition?" "The prognosis for getting well is bad. The condition may go in. She may become insane or become an epileptic, or may later develop abscesses on the brain." Appellant made no objection to the question, but moved to strike out the answer, on the ground that it was not responsive to the question, and that it does not state a probable future condition, but a mere speculative opinion. The motion was to strike out the entire answer. The objection is that the answer refers not to a probable future condition, but a possible future condition. A part of the answer to this question was unobjectionable. Some part of it was amenable to the objection pointed out, but to make such objection effective to present any question to this court it should have been limited to those phrases of the answer to which it properly applies, and in the manner in which it was presented we think no question arises, and perhaps, if properly presented, and the ruling of the court thereon an error, such error would not afford grounds for a reversal. *Louisville, etc., R. Co.* v. *Lucas* (1889), 119 Ind. 583, 6 L. R. A. 193; *Muncie Pulp Co.* v. *Hacker* (1906), 37 Ind. App. 194.

It is insisted that the evidence affirmatively shows that the appellee was guilty of contributory negligence proximately causing the injury to his wife, complained of, in that he knew

that one of the horses attached to the wagon would 8. become frightened at street-cars, and that knowing this fact he entrusted the driving of the team along the road, where he knew the car would pass, to his minor son, nineteen years old. The question of negligence is peculiarly a question for the jury, and it does not follow that one making use of a public highway, where he knows that he will encounter some danger, is guilty of negligence in doing so. The question is, Would a person of ordinary prudence have acted, under the circumstances, as did the appellant? For anything appearing to the contrary, the young son, nineteen years of age, was more capable of managing the team than his father, and the court cannot say that his entrusting the driving of the team to the son, even though one of the horses was liable to become frightened, was an act of negligence, nor can it be said that one is guilty 9. of negligence in driving along a public highway, near a railroad, because he knows that his team is liable to become frightened at the cars. We have carefully examined all the questions presented by the record in this case, and find no reversible error.

Judgment of the court below affirmed.