The Indianapolis and St. Louis Railway Company *v.* Johnson.

No. 11,791.

THE INDIANAPOLIS AND ST. LOUIS RAILWAY COMPANY *v.* JOHNSON.

MASTER AND SERVANT.—*Fellow Servants.*—A master is not answerable to a servant for his injury caused by the negligence of a fellow servant engaged in the same line of employment.

SAME.—*Negligence in Employing or Retaining Servants.*—A master who negligently employs, or wrongfully retains in his employment, incompetent servants, is responsible to a servant injured by the negligence of such incompetent fellow servants.

SAME.—*Pleading.--General Averment Controlled by Specific Statements.*—In construing a complaint against a railroad company for injury received by the plaintiff while in the employment of the defendant and engaged in coupling cars, a general introductory statement, that the cars were unfit for the transportation of rails, was held to be controlled by specific statements of facts showing that the injury was caused by the manner in which the cars were loaded with rails.

SAME.—*Negligence of Servants of Corporation.*—Where a complaint against a railroad company for injury to the plaintiff while engaged as the servant of the defendant in coupling cars showed that the injury was the result of negligence in the loading of the cars, and it was alleged that the defendant suffered, permitted and directed the cars to be loaded in an improper manner described;

The Indianapolis and St. Louis Railway Company *v.* Johnson.

*Held*, that the complaint showed that the injury was caused by the plaintiff's fellow servants.

From the Vigo Superior Court.

*J. T. Dye* and *W. E. Hendrich*, for appellant.

*J. H. Blake, J. W. Shelton* and *W. H. Spencer*, for appellee.

ELLIOTT, J.—The first paragraph of the appellee's complaint alleges that he was employed by the appellant as switchman, and that while engaged in coupling cars he was injured without any fault on his part. The cause of the injury is thus stated: "And the plaintiff says that said cars were wholly and totally unfit for the purpose of transporting rails, and that said injury was sustained by him through and in consequence of the negligence and fault of defendant in this, that defendant suffered, permitted and directed said cars to be used for transportation of said rails, when it knew, and had good reason to know, that said cars were totally unfit for that purpose, on account of said rails being so much longer than said cars, and when other cars of sufficient length and proper make could have been procured; and by loading bent or crooked iron on said car, being backed up and allowing the same to project downwards and over the end of said car, whereby the plaintiff's hand was caught and injured, as aforesaid; and that said defendant suffered, permitted and directed said bent and crooked iron rails to be placed on and projecting over the end of said car last named, with the bent or crooked side or end downward, when, if proper care and precaution had been taken, and said crooked rails had been placed on said car with the crooked end up, instead of down, this plaintiff would not have run the same risk in attempting to perform his duty in coupling said cars, and he might not have been injured in any way. But the defendant had good reason to know that the said bent and crooked iron rails so projecting downwards would greatly increase the risk to the person attempting to make a coupling, and would endanger

the life of any person caught between the end of said rail and any object that it might push against."

The general statement that the cars were unfit for the transportation of iron rails is not of controlling importance, for the specific statement which follows it is the one which governs. A general introductory statement or a general conclusion will always yield to a specific statement of the facts. *Ragsdale* v. *Mitchell*, 97 Ind. 458; *McMahan* v. *Newcomer*, 82 Ind. 565; *State* v. *Wenzell*, 77 Ind. 428, *vide* auth. p. 430; *Richardson* v. *Snider*, 72 Ind. 425 (37 Am. R. 168); *Reynolds* v. *Copeland*, 71 Ind. 422. Acting upon this rule of pleading, we must hold that the specific statement of the facts controls the general averment.

The paragraph of the complaint under immediate mention does not show that the employer of the appellee negligently supplied unsafe machinery; on the contrary, the facts specifically stated clearly show that the injury of which the appellee complains was caused by the manner in which the cars were loaded. The cause of the injury was not unsafe machinery, but the improper use of safe machinery. It is too well settled to admit of debate, that for the negligence of one fellow servant, engaged in the same line of employment, another servant can not make the master answerable. *Indiana Car Co.* v. *Parker*, 100 Ind. 181. The rule applies to such cases as this. *Ballou* v. *Chicago, etc., R. W. Co.*, 54 Wis. 257; S. C., 41 Am. R. 31; *Smith* v. *Flint, etc., R. W. Co.*, 46 Mich. 258; S. C., 41 Am. R. 161.

It is contended by the appellee that it is not alleged that the cars were loaded by his fellow servants, and, therefore, that the question argued by the appellant is not presented. We think otherwise. The appellee must affirmatively make out his case, and to do this he must state all the facts essential to a cause of action; he can not have facts inferred where there are no grounds for inference, and there are none here. The natural and reasonable inference is that the cars were loaded by the servants of the corporation, and not by its

chief agents and officers.    We are satisfied that the first par-
agraph of the complaint is bad.

The second paragraph of the complaint is good for the
reason that it avers, in addition to other material facts, that
the appellant negligently and wrongfully employed and re-
tained incompetent servants with knowledge of their incom-
petency.   It is well settled that a master who negligently
employs, or who wrongfully retains in his employment, in-
competent servants, is responsible to a servant injured by the
negligence of the incompetent fellow servant.   A master is
bound to use ordinary care in the selection of his agents and
servants, and this duty he owes, not only to the public and
third persons, but also to his other servants.

The third paragraph of the complaint is subject to the
same objections as the first, and must be held bad.

Judgment reversed.

Filed April 28, 1885.

## On Petition for a Rehearing.

Mitchell, C. J.—It is held in the principal opinion that
the complaint was bad, because it appeared therefrom that the
injury to the appellee was the result of negligence in loading
the cars, and that an inference arose from the facts stated that
they were loaded by his fellow servants.

In the argument on petition for a rehearing, it is vigorously
contended that no such inference arises.   The insistance is
that because it is averred in the complaint "that said defend-
ant suffered, permitted and directed said bent and crooked
iron rails to be placed on and projecting over the end of said
car last named," etc., it may as well be inferred that this was
done by the chief agents and officers of the railroad company
as by a fellow servant.

The infirmity of counsel's position is that they would de-
termine whether the persons who loaded the cars were fellow
servants or not by the office they held, and not by the work
in which they were at the time engaged.   One who loads the

cars of a railroad company is, while so engaged, a fellow servant with the brakeman who goes upon the train in which such loaded cars are afterwards placed, and it makes no difference what official designation of agency may be applied to him.  There are certain duties which pertain to the position of master, and whoever performs them is, for the time being, in the master's place.  There is also certain work which pertains to the duty of employee or servant, and whoever else beside the master does this is, while so engaged, a fellow servant with any other employee who is in the same general employment.  Courts know judicially that loading railroad iron on flat-cars pertains to the service of an employee, and when it is averred that one servant was injured in consequence of the negligent manner in which such loading was performed by the defendant, the presumption arises that such injury was the result of the negligence of a fellow servant.  This is so because a railroad corporation must of necessity employ servants to load its cars.  To say that the servant who loaded the cars was also the chief agent and officer of the railroad company, without more, would in no manner change the situation.  Regardless of his agency or office in other respects, if he was also properly engaged in loading cars, he was at that time a fellow servant with all others in like service.

The petition for a rehearing is overruled.

Filed June 26, 1885.