No. 835.

ROMONA OOLITIC STONE COMPANY *v.* TATE.

CONTRIBUTORY NEGLIGENCE.—*Facts Showing.—Allegations of Freedom from Fault.*—Where the facts pleaded show contributory negligence on the plaintiff's part they will overcome the general allegations of freedom on his part from fault.

PLEADING.—*Theory of Pleading, How Determined.—Single Fact Overturning.*—In determining the theory of a pleading its general scope and tenor must be considered, and not merely fragmentary statements; and although a single fact alleged may overthrow a pleading on one theory, yet it may be insufficient to overturn it on another theory.

SAME.—*Theory, How Facts Considered in Relation Thereto.—Inconsistent Facts.*—When the theory of a pleading is settled, any fact alleged that is pertinent to that theory may be considered in connection with the other facts pleaded which are pertinent to such theory, in determining the sufficiency of the facts pleaded to constitute a cause of action or defense; and when two facts are pleaded, both of which are pertinent to the theory of the pleading, and one is inconsistent with the other, that one which is strongest against the pleader must be accepted as overcoming that one most favorable to him.

MASTER AND SERVANT.—*Assumption of Risks.*—A person entering in-

Romona Oolitic Stone Company *v.* Tate.

to another's service assumes all of the ordinary and usual risks incident to the service to be performed.

SAME.—*Master and Servant.—Employing Servant to Work with Defective Machinery.*—A master may engage a servant to work with defective machinery, tools and appliances, and to work in an unsafe place; and if the servant know of such defective appliances and unsafe place, he is presumed to have contracted with reference to them in his employment; and if injured by reason thereof he can not recover damages for injuries from his employer.

SAME.—*Safe Machinery and Place to Work.—Limitation of General Rule.*—The rule that the master must furnish his servant reasonably safe machinery, tools and appliances with which to do his work, and a reasonably safe place in which to do it, applies only where the work is such that such machinery and place can be furnished for the work.

SAME.—*Hazardous Work, Servant's Knowledge of Machinery, Presumption of Knowledge of Risk.*—If a servant contracts to perform hazardous duties, knowing the kind of machinery, tools and appliances with which he is to work and the place where he must perform such work, he is presumed to know the dangers incidental to the work arising from causes open and obvious, the dangerous character of which cause he had an opportunity to observe and ascertain.

SAME.—*Duty of Servant to be Watchful for Dangers.*—A servant entering upon the performance of his duties is bound to proceed with care and observe all dangers which are open and obvious. He can not wait to be informed of such dangers, but he must ascertain for himself the probable dangers which he may encounter in the performance of such duties.

NEW TRIAL.—*No Evidence to Support Verdict.*—The court will not weigh the evidence and determine which side has a preponderance, when there is a conflict in it; but if there be no evidence on a vital point it will review it and order a new trial.

APPELLATE COURT PRACTICE.—*Presumption in Favor of Rulings of Lower Court.*—The Appellate Court indulges every reasonable presumption in favor of the rulings of the lower court, and such rulings will be upheld unless the complaining party shows affirmatively, on the face of the record, that an error has been committed prejudicial to his rights.

From the Owen Circuit Court.

*W. A. Ketcham, I. H. Fowler* and *W. A. Pickens,* for appellant.

*G. W. Stubbs, C. E. Averill, W. Hickman* and *D. E. Beem,* for appellee.

Ross, J.—The appellee brought this action to recover damages for injuries received while in appellant's service. On this appeal the appellant assigns three errors for the reversal of the judgment of the court below, namely:

"1st. The court erred in overruling appellant's motion to require appellee to make his complaint more specific."

"2d. The court erred in overruling the demurrer to the complaint."

"3d. The court erred in overruling the motion for a new trial."

The material facts alleged in the complaint are admitted to be substantially as follows: The appellant is a corporation and engaged in quarrying stone at Romona, in said county; that on the 4th day of April, 1889, the appellant was engaged in constructing a stone mill, which was to consist in part of a wooden building, in which was to be placed certain machinery; that the building was located within twenty feet of a branch or spur of track of the Indianapolis and Vincennes railroad; that part of the timbers to be used in the construction of the building were deposited near to said spur, or branch of track, and were of great size, to wit: Eleven inches square and forty feet long; that the appellee was, on the 4th day of April, 1889, engaged by the appellant as a carpenter to assist in the erection of said building; that a few days prior to the 4th of April, in pursuance of said engagement, he went to work on the building; that on said 4th day of April he was assisting to put into position one of said timbers; that it was raised and moved by means of a derrick, so that about one-half of its length rested on the building, which had been partly erected, and the remaining portion projected over the building in the direction of the railroad

spur at a height of about fourteen feet; that in order to move the timber into the building and put it into position, it was necessary for appellee to assist with a pike pole in applying his force thereto. To enable appellee to apply his full force and strength, it was necessary to take a position near the spur of track, and immediately under and near the end of the hanging timber; "that said defendant (appellant) had carelessly and negligently suffered and allowed said space between said spur of track and said building, at a point near said track and immediately under and beneath where said timber was then and there overhanging, to be and become unnecessarily incumbered and obstructed by certain iron frames or parts of machinery, carelessly and negligently piled and placed one upon the other, in such a manner that the same were liable to tilt and slip, and were dangerous to one working upon said timber"; that said iron frames were of great weight, and were not to be used by appellee in the construction of said building; that appellant well knew that the space was so incumbered by said frames being negligently piled in said space; "and that the presence of said frames in the condition in which they then and there were constituted a constant source of danger to plaintiff (appellee) while engaged in and upon said works, and subjected him to unnecessary hazard of life and limb"; that notwithstanding appellee's knowledge of the condition of the the premises, it "carelessly and negligently failed and refused to remove said iron frames, or to make the place and space necessary for plaintiff in the performance of his said duties reasonably safe and secure, but carelessly and negligently failed, neglected and refused to warn plaintiff of the aforesaid dangerous and unsafe condition of said frames, and carelessly and negligently suffered and allowed said space and place to become and remain dangerous and unsafe by reason of the presence of

said frames''; that on the 4th day of April, 1889, while assisting to move said timber, appellee ''was compelled to, and did, step upon said iron frames; that while plaintiff was so upon said frames, and was applying his entire force and strength to moving said timber by the means aforesaid, the frames tilted and slipped and plaintiff was thereby thrown from his position, his foot caught in and between said slipping frames and terribly crushed; that at and before the injury, he had no knowledge of the insecure and unsafe condition of the frames, or that there was any danger in getting upon them while engaged in the performance of said work; that he had no knowledge that they had been so negligently placed as to make them unsafe; that they were of such size, and were so piled one upon the other that the danger to him in 'stepping' upon them while in the performance of his work was not apparent or obvious, nor such as could have been discovered by him without a close and careful inspection of the same; that at the time and place, and when he received the injuries above complained of, he was in the exercise of due care, and that his injuries were wholly caused by the carelessness and negligence of the defendant as hereinbefore set forth, and without any fault or negligence on his part; that by reason of said injuries he was compelled to, and did, lay out and expend large sums of money for surgical and medical treatment, and for attention and nursing in the care and curing of his said injuries, to wit: The sum of five hundred dollars.''

The appellant moved the court ''to require the plaintiff to make his complaint more specific by alleging the separate items of money laid out and expended for surgical and medical treatment, and for attendance and nursing in the care and cure of his said injuries, in order that defendant may be prepared to meet said sev-

eral items of expense by evidence contradicting each item thereof."

From an examination of the evidence introduced, we find that the appellee made no proof of money laid out and expended for surgical and medical treatment or for attention and nursing in the care and curing of his alleged injuries. If he failed to offer evidence to sustain that part of his cause of action, he thereby abandoned it. In this view of the case, it is unnecessary to determine whether or not it was error to overrule the motion.

It is insisted by the appellant that although the complaint contains a general allegation that the injury occurred without any fault or negligence on appellee's part, the facts alleged show affirmatively that his own conduct did contribute to the injury.

When the facts pleaded show contributory negligence on plaintiff's part they overcome the general allegation of freedom from fault. *Indianapolis, etc., R. W. Co.* v. *Johnson*, 102 Ind. 352; *Ivens* v. *Cincinnati, etc., R. W. Co.*, 103 Ind. 27; *Louisville, etc., R. W. Co.* v. *Schmidt*, 106 Ind. 73; *Evansville, etc., R. R. Co.* v. *Crist*, 116 Ind. 446; *Stewart, Admx.*, v. *Pennsylvania Co.*, 130 Ind. 242.

Counsel for appellee seem to think that it is not proper to single out a single sentence in a pleading and with it attempt to overthrow the entire pleading. They seek in this contention to have applied, in testing the sufficiency of the complaint, the rule that obtains with reference to ascertaining the theory of a pleading. In determining the theory of a pleading, it is judged from its general scope and tenor and not from fragmentary statements. And while it is always necessary to consider all the facts alleged which are pertinent to the theory of the complaint one fact alleged may overthrow the complaint, on that theory, and still would not be sufficient to overthrow the complaint on some other theory. When the theory

of a complaint is settled, any fact alleged pertinent to that theory of the complaint may be considered in conjunction with the other facts pleaded pertinent to the same theory, in determining the sufficiency of the facts pleaded to constitute a cause of action, and when two facts are pleaded, both of which are pertinent to the theory of the complaint, and are inconsistent one with the other, that which is strongest against the pleader must be accepted as overcoming that most favorable to him.

From the facts alleged we find that the appellee was engaged by the appellant to perform certain work, in the performance of which it was necessary for him to assist in raising and putting in place heavy timbers, which had to be raised fourteen feet from the ground, and were so raised by a derrick and pushed or carried into position by appellee and other workmen by means of pike poles. It is then alleged that the place where appellee was compelled to work in assisting in raising these timbers the appellant had carelessly and negligently permitted to be and become unnecessarily encumbered and obstructed by certain iron frames or parts of machinery carelessly and negligently piled and placed one upon the other in such manner that the same were liable to tilt and slip, and were dangerous to one working upon said timbers, which facts were known to the appellant, and that it failed, neglected and refused to warn appellee of such danger, of the existence of which he had no knowledge.

A person entering into the service of another takes upon himself, in consideration of the compensation to be paid him, all of the ordinary and usual risks incident to the service to be performed.

And while it is the duty of the employer to furnish the servant with reasonably safe machinery, tools and appliances with which, and a reasonably safe place

where, to work, he may engage a servant to work with defective machinery, tools and appliances and to work in a place which is unsafe. If the servant knows that he must work with defective tools, machinery and appliances, and in a place which is unsafe, he is presumed to have contracted with reference thereto in his employment, and if injured by reason thereof he can not recover from the employer. The rule that the master must furnish the servant reasonably safe machinery, tools and appliances with which to do his work and a reasonably safe place in which to do it, applies only where the work is such that such machinery and place can be furnished for the work.

There are vocations which require the use of machinery, tools and appliances which can not be made reasonably safe for any person to work with and there are places where work must be done which can not be made reasonably safe in which to work and yet some one must work with such machinery and in such places. If a servant contracts to perform hazardous duties knowing the kind of machinery, tools and appliances with which he is to work and the place where he must perform such work, he is presumed to know the danger incidental to the work arising from causes open and obvious, the dangerous character of which causes he had an opportunity to observe and ascertain. If he failed to ascertain that which is open and obvious he alone is to suffer if injury results therefrom. As said by the Supreme Court in the case of *Louisville, etc., R. W. Co.* v. *Hanning, Admr.*, 131 Ind. 528. "The term 'safe place to work,' as thus used, is, of course, necessarily relative. It does not mean a place absolutely free from danger, as some vocations from their very nature involve the constant encountering of danger."

In the case of *Gibson, Admx.*, v. *Erie R. W. Co.*, 63 N Y.

449, the court says: "Where a servant enters upon employment from its nature necessarily hazardous, he assumes the usual risks and perils of the service, and also those risks which are apparent to ordinary observation. If he accepts service with the knowledge of the character and position of structures, from which employes might be liable to receive injury, he can not call upon his master to make alterations to secure greater safety, or in case of injury hold him liable."

A servant entering upon the performance of his duties is bound to proceed with his eyes open, and must see all dangers which are open and obvious. He must not wait to be informed of the dangers, but must act affirmatively and ascertain for himself the probable dangers which he may encounter in the performance of such duties.

"He must not go blindly and heedlessly to his work when there is danger. He must inform himself. This is the law everywhere." Beach Contrib. Neg., 369 *et seq.*

This is true when the dangers are open and obvious, but when the defects or dangers are latent, and can not be readily seen, the employe may presume that none exist.

From the facts alleged in the complaint, the dangerous condition of the iron frames was not open and obvious; their condition was known to appellant and unknown to the appellee. Under that state of facts we think the complaint states a cause of action.

The motion for a new trial was predicated upon the following causes, viz.: First, "the verdict is contrary to law;" second, "the verdict is not sustained by sufficient evidence;" third, "the damages assessed are excessive;" and, fourth, "that there were errors of law occurring upon the trial of said cause which were excepted to by defendant at the time," etc.

It is very earnestly insisted that the evidence is insufficient to sustain the verdict, and that the verdict is contrary to law.

We have read with great care all of the evidence bearing upon the nature of appellee's employment, the character of the duties he was engaged to perform, the location and condition of the place where he was to work, as well as that showing how he was injured and what was the proximate cause of such injury, and we are constrained to say that in several particulars at least the evidence is insufficient to sustain the verdict.

While it is true that this court will not weigh the evidence and determine which side has a preponderance, when there is a conflict in the evidence, yet if there is no evidence to support a verdict, this court will review it and reverse the judgment.

It is undisputed that the appellee was employed to assist in the erection of a frame mill being erected by appellant; that at the time appellee went to work, which was two or three days before he was injured, the mill was in the course of construction, and had been partially constructed; that on the ground near the north wall of the mill were several large iron frames, probably three in number, piled one upon the other. These frames had been placed there by the Young & Ferrell Diamond Stone Sawing Company, who had the contract for placing certain machinery in the mill, and were to be used in connection with the machinery so to be placed by them. These frames were not dangerous in themselves, or in the manner of their piling, so far as the evidence discloses.

It is also shown that the appellee, while assisting in the lifting and placing of a heavy timber, stepped upon these iron frames, and while pushing with a pike pole against said timber, the iron frame which was piled on

top, and upon which he was standing, on account of his great weight in pushing on the pike pole, was caused to slip, catching his foot, breaking his ankle, etc.

It also appears that there was ample space on both sides of the frames in which appellee could work without getting upon the frames, and that it was unnecessary that he get upon them; that he was not directed to get upon the frames, but, as he says, he got upon them of his own volition.

If the appellee was not required to get upon these frames in order to perform the duties imposed upon him, and yet did get upon them, and by reason thereof he was injured, he is not in a position to complain, for his own act brought about his injury.

Again, by his own testimony, it is shown that it was his pushing on the pike pole while standing on the frames that caused the top one to slip and catch his foot.

The allegations of the complaint are that the appellant carelessly and negligently placed these frames in a dangerous condition, one upon the other, while the evidence shows that they were not placed there by appellant at all, and were not under its charge or control, but that they were placed there by the Young & Ferrell Diamond Stone Sawing Company, who had the contract for placing the machinery in the mill, and were under its charge and subject to its control, and not appellant's. They were there and in that position when the appellee accepted employment, and the dangers arising from their being there was one of the incidents of his service.

The evidence wholly fails to show either any neglect on appellant's part of a duty owing from it to appellee or that appellee was himself free from fault.

Other questions have been presented for consideration, but inasmuch as they may not arise on another trial, we will not decide them.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.

Filed June 21, 1894.

### ON PETITION FOR REHEARING.

Ross, C. J.—The appellee has filed a petition for a rehearing, assailing the original opinion, as he claims, because the court has undertaken to consider conflicting evidence and to determine upon which side it preponderates.

We think counsel are mistaken in saying the court has attempted to weigh the evidence. It is firmly settled by a great number of the decisions of this court that it is exclusively within the province of the jury, subject to review by the trial court, to consider all of the evidence relative to a fact, and from such evidence, pro and con, determine whether it preponderates for or against the existence of such fact, and that their decision, if sustained by any evidence, will not be disturbed. This rule is so well and firmly settled by this court that we would not feel like attempting to change it, even were we disposed to doubt its correctness and the necessity for its universal application. What we said in the original opinion, and still adhere to, is that this court will examine the evidence, and if it finds that no evidence was introduced to establish a fact necessary to the appellee's right to recover, a new trial will be ordered. It is admittedly true that this court indulges every reasonble presumption in favor of the rulings of the lower court, and that when a record comes before this court in which rulings of the lower court are called in question, such rulings will be upheld, unless the appellant shows affirmatively on the face of the record that an error has been committed prejudicial to his rights.

While this presumption is indulged in favor of the lower court, it may be overcome by the record itself. And although the general verdict of a jury, when questioned in this court, is presumed to rest upon the finding of every fact necessary to the party's right of recovery, this presumption will not supply the necessity for evidence to sustain every such fact. If we were to adopt counsel's contention no verdict could be set aside, whether there was evidence to sustain it or not, for their contention is substantially that a jury having determined that a fact or set of facts exist, their finding is conclusive, irrespective of whether or not the evidence even tends to establish such fact or set of facts.

A jury has a right to find that a fact exists, if there is any evidence fairly tending to prove it, and, when so found, their decision will not be disturbed by this court.

But it is for the court and not for the jury to say whether there is any evidence tending to support the finding of the existence of such fact. This is all that this court attempted to do when it said: "We are constrained to say that in several particulars, at least, the evidence is insufficient to sustain the verdict." True, we might have been more explicit, and our language plainer, had we said that in several particulars, at least, there was no evidence to sustain the verdict. But the language used is, in substance, the same as that of one of the statutory causes for a new trial, viz.: "That the verdict or decision *is not sustained by sufficient evidence.*" Section 568, R. S. 1894, fifth clause. From the wording of the statute has probably arisen the statement by the courts when there is a want of evidence tending to prove a fact, that the evidence is insufficient for that purpose.

Counsel seem to think the language used in the original opinion is such that they can not understand its

meaning; for that reason, we hope we have made ourselves clear to them in what we have just said.

Petition overruled.

Filed Feb. 6, 1895.