WOLF, ADMINISTRATRIX, v. THE BIG CREEK STONE
COMPANY.

[No. 18,144.   Filed September 21, 1897.]

APPEAL AND ERROR.—*Answers to Interrogatories.—Overruling Motion
for New Trial.—Harmless Error.*— Error cannot be predicated upon
the action of the court in not requiring the jury to return more
definite answers to three interrogatories where answers to other
interrogatories were such as to prevent a recovery by the complain-
ing party.  *pp. 317, 318.*

MASTER AND SERVANT.—*Damages for Death of Servant.—Defective
Appliances.—Knowledge of Danger.*—A recovery cannot be had for
the death of a servant, caused by defective appliances furnished by
the master. where it is shown that the servant had equal, if not
better opportunities of knowing the condition of such appliances
than the master.  *pp. 318, 319.*

From the Monroe Circuit Court. *Affirmed.*

*John R. East, R. G. Miller, J. E. Henley* and *J. B.
Wilson,* for appellant.

*H. C. Duncan* and *I. C. Batman,* for appellee.

HOWARD, J.—This was an action by appellant to re-
cover damages for the death of her husband who, on
August 23, 1890, was killed in the quarry of appellee
by the falling of a derrick used to lift rock in the
quarry.   The jury returned a special verdict, being
answers to interrogatories, upon which the court ren-
dered judgment for the appellee.

It is contended that the judgment should have been
for the appellant, and also that the court erred in
overruling the motion for a new trial.   The motion
for a new trial was based upon an instruction direct-
ing the jury to return more definite answers to three
interrogatories.   Whether there was error in this we

need not inquire, for the reason that even if the three answers were to be taken as originally returned, as appellant contends they ought to be, yet such answers, together with the remaining answers, over two hundred in number, would show such a state of facts as must preclude any recovery by appellant.

On the former appeal, *Big Creek Stone Co.* v. *Wolf*, 138 Ind. 496, the evidence was found to show that the deceased "had an equal, if not a better, opportunity of knowing the condition of the derrick" than the appellee. On this appeal the same state of facts is shown by the verdict of the jury.

From the verdict it appears, as said by Judge Coffey on the first appeal, that "the deceased, formerly owned the derrick, the breaking of which resulted in his death, using it in a quarry operated by himself. He sold it to the appellant * * * * and he assisted in putting it up."

The jury find that for four or five years he had been using the derrick in his own quarry, about three hundred yards distant from the quarry of appellee; and that but two days before the accident he had sold it to appellee, and assisted in erecting it in the place where it broke down. One of the braces of the derrick was set upon a ledge of rock, and the other was fastened to a stump. The deceased assisted in fastening them both, and knew of their condition before and after they were so fastened. At the time of the accident the employes were lifting a stone with the derrick, a smaller stone than the deceased had often lifted with the same derrick in his own quarry. While they were moving the stone he came out of the power house, where he was employed as engineer. He laid his hand on the stone, which at the time was suspended in the air, and he was pushing it when the brace fastened to the stump broke at or near the

stump, and fell, striking and killing the deceased. He had observed some time before that this brace needed strengthening, and had then said that he would put a strip of iron upon it to make it stronger.

It is even more clear here than it was on the former appeal that, while the appellee was no doubt at fault in using an old and unsound derrick in lifting and moving stones too heavy for its capacity, yet the deceased, having built that derrick, and used it for years in his own quarry; having sold it to appellee, and assisted in setting it up in appellee's quarry; having also observed and proposed to repair the weakness at the very part that afterwards broke, and thus caused his death; having, moreover, at the time of the accident, turned aside from his proper duties as engineer, and assisted in pushing the stone that broke down the derrick, must be held to have had equal, if not better, opportunities of knowing the condition of the machinery that caused his death than the appellee, and so to have assumed all risks of danger to himself. See authorities cited on former appeal, *Big Creek Stone Co.* v. *Wolf, supra.*

Judgment affirmed.