## The Farmers Mutual Fire Insurance Company *v.* Yetter.

[No. 4,103.    Filed December 17, 1902.]

APPEAL AND ERROR.—*Assignment of Error.—Separate Demurrers.*— Where separate demurrers were filed to two paragraphs of answer and the court sustained the demurrers in a single ruling, an exception to the ruling, in effect, was an exception to the action of the court relating to each paragraph of answer, and specifications in the assignment of errors on appeal were properly directed to the rulings on the demurrers separately. *pp. 187-190.*

PLEADING.—*Insurance. — Ownership of Property.*— An answer in an action on an insurance policy that there was a dispute between plaintiff and another as to the ownership of the property insured amounted merely to a denial. *pp. 190, 191.*

SAME.—*Insurance.—Ownership of Property.—Encumbrances.*—An answer in an action on an insurance policy which in addition to denying plaintiff's ownership of the property insured alleged a misrepresentation by plaintiff as to the amount of encumbrances on the property is merely a traverse of the cause of action stated in the complaint. *pp. 191, 192.*

APPEAL AND ERROR.—*Trial.—Exceptions.—Evidence.*—No question is saved for review upon the exclusion of evidence, where an exception was taken to the action of the court in sustaining the objection, an offer to prove made, and an exception then taken to the action of the court in rejecting the offer to prove. *p. 192.*

From Marshall Circuit Court; *A. C. Capron*, Judge.

Action by Alexander E. Yetter against the Farmers Mutual Fire Insurance Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Samuel Parker, Andrew Anderson, James DuShane* and *W. G. Crabill*, for appellant.

*R. T. Miller* and *F. J. L. Meyer*, for appellee.

BLACK, P. J.—The appellee recovered judgment on appellant's policy of insurance against loss by fire on a dwelling-house. There were four paragraphs of answer. The appellee filed two separate demurrers,—one against the second paragraph of answer, and the other against the fourth paragraph of answer,—"which demurrers," it is shown by

the entry of record, "are sustained by the court, to which the defendant excepts."

In one specification of the appellant's assignment of errors it is assigned that the court erred in sustaining appellee's demurrer to the second paragraph of appellant's answer, and in another specification it is assigned that the court erred in sustaining appellee's demurrer to the fourth paragraph of appellant's answer. It is also assigned that the court erred in overruling appellant's motion for a new trial. These are the only specifications of supposed errors urged upon our attention; and under the specification relating to the overruling of the motion for a new trial the only cause for a new trial urged here is the action of the court in refusing to permit the introduction of certain oral evidence by its witness Stuart MacKibben, and in sustaining appellee's objection to the appellant's questions propounded to this witness for the purpose of eliciting such evidence.

In the bill of exceptions containing the evidence the portion thereof which relates to these rulings of the court shows that the witness was asked on behalf of appellant what a certain letter stated in reference to a specified subject. Thereupon appellee objected to this question, stating a ground of objection. The record then proceeds as follows: "This objection the court sustains, and the defendant at the time excepts to the ruling of the court." Next it appears that the appellant offered to prove certain facts by the witness, if permitted to answer, "which offer," it is shown, "the court overrules, and the witness is not permitted to testify as to said facts, or either of them, to which ruling of the court the defendant at the time excepts."

An exception is defined by our statute (§637 Burns 1901), as "an objection taken to a decision of the court upon a matter of law," and it is provided in the next section that the party "objecting to the decision must except at the time the decision is made," and that if a motion for a new

trial should be filed in a cause in which such a decision "so excepted to" is assigned as a reason for a new trial, the motion will carry the "decision and exception" forward to the time of ruling on the motion, and time may then be given by the court within which to reduce such exception to writing. When the "decision objected to" is entered on the record, and the grounds of objection appear in the entry,— as in case of a ruling on a demurrer to a pleading,—the "exception" may be taken by the party causing to be noted "at the end of the decision" that he excepts. §640 Burns 1901.

The assignment of errors in this court must be "a specific assignment of all errors relied upon, * * * in matters of law only." §667 Burns 1901.

The eighth statutory cause for a new trial,—under which an error in the exclusion of evidence would properly belong,—is "error of law occurring at the trial and excepted to by the party making the application." §568 Burns 1901.

The assignment of error in overruling the motion for a new trial is sufficient to bring to the attention of this court any error of law occurring at the trial and properly excepted to, if it be duly stated as a reason in the motion. Ewbank's Manual, §§129, 133.

Every exception must be against a decision upon a matter of law; and each specification of error in an assignment of errors must relate specifically to an error of law, and must sufficiently state in itself a good cause for reversing the judgment. *Trammel* v. *Chipman,* 74 Ind. 474.

Each supposed error must be specified separately in the assignment. The specifications must be distinct, and each of them must be complete in itself, without aid from any or all other specifications; and a number of defective assignments can not be combined to make a good and sufficient assignment. *Louisville, etc., R. Co.* v. *Norman.* 17 Ind. App. 355. The same should be regarded as true as to the

statement of causes or reasons for a new trial in the motion therefor.

The exception to the ruling sustaining the two demurrers, one addressed to the second and the other to the fourth paragraph of answer, in effect, was an exception to the action of the court relating to each paragraph of answer. The separate demurrers required the court to decide upon the question as to the sufficiency of the paragraphs of answer, considered separately, as would one demurrer addressed to the paragraphs separately. The ruling made by the court was an error of law if either of the paragraphs of answer was good. The exception to the ruling upon the two demurrers reached any entire error of law in that ruling, the several matters involved therein having been presented separately to the court. If there were two errors it reached each of them, separately considered; and the specifications in the assignment of errors were properly directed to the rulings on the demurrers separately.

The second and fourth paragraphs of answer were much alike. One denied the appellee's ownership of the insured property, and the other sought to cast doubt upon his ownership by alleging the existence of a dispute between him and one Smith concerning the ownership. The averment of the second paragraph that the insured house was not owned by the appellee, but was the property of Smith, the owner of the land upon which it stood, contradicted the complaint in a material matter, and, if true, the fact averred might have been proved with no less effect under the first paragraph of answer,—a general denial,—which remained in at the trial. If, as alleged in the fourth paragraph, there was at the time of the issuing of the policy a dispute between the appellee and Smith as to the ownership of the house, each claiming to be the owner, this fact could not avail as a defense against the complaint claiming ownership in the appellee,—an essential fact in the cause of action, which such averment in answer neither admitted nor denied; and without regard to

such an averment in the answer, the appellee could not recover under the issue tried, unless he, and not Smith, was the owner of the house insured. In each of these paragraphs of answer,—in the fourth somewhat the more explicitly,—the appellant sought to show that the appellee made a misrepresentation in the application for insurance by stating in answer to an interrogatory therein that the insured property was subject to a mortgage for a certain amount, it being alleged that at the time of the making of the application there were mortgages executed by Smith for a larger amount on the land, constituting a farm, owned by Smith.

The complaint alleged the appellee's ownership of the insured house. If, as between Smith, the owner of the land, and the appellee, the house was wholly owned by the latter, as alleged in his complaint,—a necessary fact, denied by one of these answers, and neither confessed nor denied by the other,—the mortgage of Smith alone upon the land would not bind the interest of the appellee in the house. That could not be regarded as a sufficient answer, which, without confessing either expressly or impliedly, or giving color, showed, by way of avoidance, that the land upon which the house stood was mortgaged by the landowner for a greater amount than that stated as the amount of mortgage encumbrance on the insured property in the application, wherein the form of the interrogatory on this subject and the connection in which it was placed in the application indicated that the interrogatory had relation to mortgage encumbrances on the insured property alone.

The house having been insured as the property of appellee, if, in fact, as claimed in one of these paragraphs of answer, he was not the owner thereof, the further fact that he represented the amount of encumbrance thereon as being less than was the amount of the encumbrances on the land owned by another person, who also owned the house insured, would add nothing material to the defense, complete by reason of

the denial of the appellee's ownership of the house and the assertion of ownership thereof in another.

An answer could hardly be regarded as consistent in itself, which, denying the ownership of the insured, alleged in the complaint and necessary to the cause of action, further alleged facts amounting to a misrepresentation as to the amount of encumbrances upon the insured property; and such an answer must be regarded as amounting to no more than a traverse of the cause of action stated in the complaint. The paragraph of answer must be considered as a whole, and such additional matter alleged in connection with the denial of the appellee's ownership, and in the same paragraph therewith, must be considered as immaterial.

No question has been properly saved for presentation here relating to the exclusion of evidence. There were two exceptions. One exception was taken to the action of the court in sustaining an objection to a question propounded by the appellant to his own witness, there having been at the time of taking this exception no offer or statement of what it was proposed to prove in answer to the question. The other exception was taken to the action of the court in rejecting the offer to prove, there then being no pending question to the witness.

If, notwithstanding the statement of the court that the objection to the question was sustained, the appellant, without excepting at that stage, had then properly made an offer of proof, and the court had excluded the evidence, an objection might have been reserved to the decision of the court upon the matter of law involved in such exclusion of evidence by then taking an exception. *Baltimore, etc., R. Co.* v. *Lansing,* 52 Ind. 229; *Judy* v. *Citizen,* 101 Ind. 18; *Smith* v. *Gorham,* 119 Ind. 436-439; *Gunder* v. *Tibbits,* 153 Ind. 591; *Dunnington* v. *Syfers,* 157 Ind. 458; *Chicago, etc., R. Co.* v. *Linn, ante,* 88.

Judgment affirmed.