## CONSUMERS GAS TRUST COMPANY *v.* HOWARD ET AL.

[No. 20,230.    Filed June 23, 1904.]

LANDLORD AND TENANT.—*Gas and Oil Lease.—Cancelation.*—Where in a paragraph of complaint by a landlord against his tenant for the cancelation of a lease and to quiet title, it is shown that in consideration of the premises the tenant agreed to pay the landlord $30 annually "until oil or gas is found in paying quantities" or the lease terminated according to its provisions, and in another paragraph the same facts shown and also that three months' notice was given by the landlord for the surrender of the contract, and an answer in two paragraphs was filed to such complaint, showing that said $30 was tendered at the time specified in the lease, which the landlord refused, and that the landlord informed such tenant that he then and there forfeited such lease, and denying that in the tenant's judgment oil and gas could not be found, to which answer the landlord demurred and the demurrer was sustained, such ruling of the court was erroneous under the rule laid down in *Consumers Gas Trust Co.* v. *Littler,* 162 Ind. 320. *p. 171.*

APPEAL AND ERROR.—*Record.—Defective Assignment of Errors.*—Where an assignment alleges that there is "error in the foregoing record," but yet specifies the particular ruling of the court upon which error is predicated, it is sufficient. *p. 173.*

PLEADING.—*Demurrer Several.—Exception Single.*—Where a several demurrer is presented to an answer in two paragraphs and the "court sustained this demurrer to each paragraph of the amended answer, to which ruling the defendant excepted," the court must look at the demurrer, and the ruling will be distributed to each paragraph of answer. *p. 173.*

From Superior Court of Madison County; *H. C. Ryan,* Judge.

Action by Isaiah Howard and wife against the Consumers Gas Trust Company for the cancelation of a gas and oil lease and to quiet title. From a decree for plaintiffs, the defendant appeals. Transferred from Appellate Court under §1337u Burns 1901. *Reversed.*

*W. H. H. Miller, J. B. Elam, J. W. Fesler, S. D. Miller* and *J. W. Lovett,* for appellant.

*C. K. Bagot* and *Thomas Bagot,* for appellees.

JORDAN, C. J.—Appellees instituted this action on February 5, 1902, to cancel a certain contract or lease, and to quiet their title to lands therein described. The contract in question was executed on December 15, 1896, by and between appellees and one Walley. The latter subsequently assigned and transferred all of his rights under the instrument to appellant. Thereunder appellees purported to sell to said Walley all of the gas and oil underneath the lands therein described, situate in Madison county, Indiana, being in all sixty acres. They further granted to him, his heirs and assigns, the right to enter upon the premises at all times for the purpose of operating for oil, gas, or water, and to lay and maintain pipes thereon, etc.

The contract in controversy in this appeal is substantially of the same tenor and effect as the one involved in the case of *Consumers Gas Trust Co.* v. *Littler* (1904), 162 Ind. 320. It is provided in the contract in the case at bar, in like manner as it was in the Littler case, *supra,* "that in consideration of the premises the party of the second part agrees to pay to the party of the first part the sum of $30 annually, beginning on the 15th day of December, 1896, and until oil or gas is found in paying quantities, or this grant is terminated as herein provided." The complaint consists of two paragraphs, and the only substantial difference between them is that the second alleges that three months' notice was given to appellant prior to the 15th day of December, 1901, to surrender the possession of the premises, and to surrender the contract on said 15th day of December. A copy of the contract, or lease, in dispute is filed as an exhibit with each paragraph of the complaint. Appellant unsuccessfully demurred to each paragraph of the complaint, and thereupon filed an answer in two para-

graphs, in each of which was embodied and set out the contract in controversy.

Aside from the contract the following may be said to be a summary of the facts in each paragraph of the amended answer: It is alleged that Walley was appellant's agent, and that he entered into the contract herein involved in its behalf; that after the execution of the contract he assigned the same to appellant as alleged in the complaint. It is further disclosed that Walley on December 15, 1896, paid to appellees, in advance, the stipulated sum of $30, and that thereafter on each succeeding 15th day of December appellant paid a like amount to appellees. These payments were made each year until December 15, 1901, on which date appellees for the first time refused to accept the money, although it was tendered and offered to them on said day. They refused to accept payment on the latter date on the ground that they had a right at that time to terminate the contract, and they declared and announced to appellant that they proposed to terminate the contract on the said 15th day of December, 1901. The money tendered to them on that day is shown to have been deposited in a bank at Muncie, Indiana, for their use. It is denied in the answer that the contract has ever been terminated, and it is further denied that the sum of $30 to be paid annually to appellees was a consideration for the right to drill a well on the lands for any one year, but it is averred that the same is a part of the consideration for all of the rights granted by appellees under the contract. The answer also denies that it had ever been ascertained that, in the judgment of said Walley or appellant, neither gas nor oil could be discovered underneath the land, or that said minerals, after having been discovered, had ceased to exist. The pleading also denies that there had been any reconveyance to appellees by appellant. A demurrer was sustained to each paragraph of the answer, and an exception reserved by appellant to this ruling. It refused to plead further, but elected to stand by its answer,

Judgment was accordingly rendered annulling the lease in question and quieting appellees' title to the real estate.

The errors relied upon for a reversal are (1) overruling the demurrer to each paragraph of the complaint; (2) sustaining the demurrer to each paragraph of the amended answer.

At this point we are confronted with appellees' objection to the assignment of error upon the ground that the latter is bad, and presents no question for review, for the reason that it alleges, in effect, that there is some error or mistake in the record, instead of averring that there is error in the judgment and proceedings below. The assignment of errors, after entitling the cause and designating the court to which the appeal is taken, proceeds as follows: "The appellant [naming it] comes and says there is manifest error in the foregoing record in this, to wit." Here follows specifications of the several errors assigned.

Appellees' contention is wholly untenable. While it is true that the assignment alleges that there is "error in the foregoing record," nevertheless it specifies each particular ruling of the court upon which the alleged error is predicated.

It is next insisted by counsel for appellees that the exception reserved by appellant to the decision of the court in sustaining the demurrer to each paragraph of the amended answer is a joint exception, and therefore can not avail appellant in this appeal. This contention is not sustained. It does not appear that appellees demurred jointly to both paragraphs of the answer, but they demurred separately and severally to the first and second paragraphs, and the record recites that "The court sustained this demurrer to each paragraph of the amended answer, to which ruling the defendant excepted." By a single ruling the court, in effect, held that each of the paragraphs of the amended answer was insufficient on demurrer, and to this ruling appellant excepted. The character of the exception in this

case must be tested by the character of the demurrer and the ruling thereon. The demurrer was so formulated as to be addressed or distributed to each paragraph of the answer, and the ruling of the court thereon was likewise distributed to each paragraph of the pleading in question. Therefore the exception under the circumstances must necessarily be distributed to the ruling of the court on the demurrer as to each paragraph of the answer.

This appeal, under the facts averred and set up in appellant's amended answer, is "on all fours" with the case of *Consumers Gas Trust Co.* v. *Littler, supra,* which decision has been followed and approved in the appeals of *Consumers Gas Trust Co.* v. *Crystal Window Glass Co.* (1904), *post,* 190, and *Consumers Gas Trust Co.* v. *Worth* (1904), *ante,* 141. Under this rule affirmed and enforced therein, the judgment in the case at bar must be reversed for error of the court in sustaining the demurrer to each paragraph of the answer.

Judgment reversed and cause remanded, with instructions for further proceedings not inconsistent with this opinion.