BENNETT, ADMINISTRATRIX, *v.* EVANSVILLE AND
TERRE HAUTE RAILROAD COMPANY ET AL.

[No. 21,485. Filed November 28, 1911. Rehearing denied May 8,
1912.]

1. APPEAL.—*Ruling on Demurrers.—Assignment of Error.—Sufficiency.*—Where separate demurrers to a complaint were filed, an order-book entry that "the court now sustains the demurrers to the complaint, to which ruling of the court the plaintiff at the time excepts," etc., is a ruling as to each demurrer and an exception to the ruling as to each, and the question is properly presented by assigning that "the court erred in sustaining the appellees' demurrers to the appellant's complaint," and that "the court erred in sustaining each demurrer of each appellee to the appellant's complaint." p. 467.

2. MASTER AND SERVANT.—*Negligence of Master.—Assumption of Risk.*—Where a servant has full knowledge of, or appreciates the danger of his employment, or it is as well known to him as to the master, or it could have been discovered by the use of ordinary care, and then proceeds with such employment, even though this includes a master's negligence, he must be regarded as having assumed the risk of so doing. p. 468.

3. MASTER AND SERVANT.—*Railroads.—Injury to Employe.—Complaint.—Sufficiency.*—A complaint against a railroad company for injury to a member of its bridge crew sustained in unloading piling, though alleging due care and caution on the part of the employe, is insufficient if it does not appear that he did not know of the alleged neglect of duty by the company or know of and fully appreciate all the dangers incident to the work. p. 470.

From Greene Circuit Court; *Charles E. Henderson,* Judge.

Action by Lula Bennett, Administratrix of the estate of Emery C. Bennett, deceased, against the Evansville and Terre Haute Railroad Company and another. From a judgment for defendants, the plaintiff appeals. (Transferred from the Appellate Court with its recommendations under §1429 Burns 1908, Acts 1893 p. 29.) *Affirmed.*

*William L. Slinkard,* for appellant.

*John E. Iglehart, Edwin Taylor, E. H. Iglehart* and *John T. & W. H. Hays,* for appellees.

MYERS, J.—Appellant instituted an action against appellees for damages for alleged negligence in the killing of her husband. The complaint is in one paragraph, the material portion of which, so far as the question before us is concerned, is as follows: That appellant's decedent was the employe of defendants, that he was employed as a member of a bridge gang on the Evansville and Indianapolis division of defendant's road; that one Clark was the boss or foreman of the gang, and had under him a number of men, naming them; that on July 4, 1907, defendants sent out an extra work train for the purpose of delivering piling along the road; that the piling was about thirty-five feet long, and from twelve to fourteen inches in diameter; that the train was run to a point near Doans Creek, and that decedent was then and there ordered by the boss, with others, to unload the piling with cant-hooks and crow-bars; that the piling was unloaded until there were only two left, one on the top of the other, and that the top piling was fast; that the piling was unloaded off the east side of the car, and rolled down an embankment to the east; that in unloading said car defendants should have provided skids—long pieces of timber whereby one end would rest on the ground and the other end on the edge of the car—for the purpose of rolling the piling off the car to the place where it was desired; that for the purpose of unloading the piling in safety, defendants should have furnished checks, or stops, so that when each piling was rolled from off the under piling on the west side, it could have been stopped before rolling off across on the east side; that standards should have been placed on the east side of the car, in order to have stopped the piling when once started to roll from off the top of the lower piling on the west side of the car, so that the same could have been unloaded in safety, without rolling off onto decedent; that defendants, by their boss, owed plaintiff's decedent a further duty not to order him into a dangerous place; that defendants, by their boss, owed plaintiff's decedent a duty not care-

lessly and negligently to command him to enter a dangerous and hazardous place; that defendants, by their boss, owed decedent a duty, that after ordering him into such dangerous and hazardous place, they should immediately have ordered him out of such dangerous and hazardous place.

The complaint further alleges that it was the duty of decedent to obey the orders and commands of the boss, and he was compelled to, and did do so, and that it was the duty of defendants to conduct their business in a safe and prudent manner, so that injury might not come to decedent, and it is alleged, as to each of these alleged duties, that it was negligently and carelessly omitted, and that defendants by their boss negligently and carelessly ordered plaintiff's decedent, and directed and negligently commanded him, to go upon the car at about the center thereof, on the west side of the piling, and commanded him at that point to assist in starting the piling to rolling, which piling was then and there fast, and hard to break loose, and the foreman knew it; that the boss placed him in the center of the car in front of the piling, where it was perilous and dangerous; that after being negligently ordered and directed by the boss to go into the middle of the car, and before the piling started to roll, the danger became imminent, and defendants, by their boss, then and there carelessly and negligently failed to order decedent out of said dangerous and hazardous place; that after ordering plaintiff's decedent into the dangerous place, and failing to order him out of the dangerous place, the boss commanded decedent, with others, to start the piling to rolling, at a time when defendants, by the boss, knew that the piling was stuck, and tight, and hard to move, and would require great force to start it, and at a time when defendants, by their boss, knew that after being started with great force and momentum, it would roll off the car, and, without providing any skids, standards, checks or stops, negligently ordered plaintiff's decedent to the middle of the car, and in

front of the way the piling would roll, and did roll; that decedent, in obedience to the orders of defendants, went to the middle of the car, east of the piling, and while decedent was in front of the piling, defendants, by their boss, ordered the piling to be rolled off the car to the east; that the piling was then and there, by the orders of defendants' boss, and at a time when decedent was in the middle of the car and in front of the piling, carelessly and negligently started to roll to the east, and, without any fault or negligence on the part of decedent, the piling rolled to the east, the decedent keeping out of the way, using due care and caution, until he came to the edge of the car, when the piling then and there rolled very fast, following him with great speed, and decedent jumped from the east side of the car, and the piling, on account of the carelessness and negligence of defendants in not providing any stops, and on account of defendants carelessly and negligently failing to provide any standards on the east side, and carelessly, and negligently failing to furnish any skids to keep the same from off the body of decedent, and on account of defendants, by their boss, carelessly and negligently ordering decedent into the dangerous and hazardous place, and negligently and carelessly starting the piling to rolling while decedent was in front of it, and negligently and carelessly placing him in the dangerous place, then negligently not ordering him out of the dangerous place, and because defendants ordered the unloading of the piling in a dangerous manner, and negligently and carelessly placed decedent in a dangerous place, and after so placing him in the dangerous place, by the boss negligently and carelessly failed to warn and notify the decedent of his danger, and wholly without any fault or negligence on the part of decedent, but wholly on account of the fault and negligence of defendants, by the boss, the piling then and there rolled off the car, striking decedent across the back and shoulders, all of which was without any fault or negligence on his part, but wholly the fault and negligence of defendants, by their boss,

and by the piling striking and falling upon the body of decedent, he was then and there mortally injured, from which injuries he then and there died.

A demurrer was sustained to this complaint, from which ruling appellant appeals. Defendants filed separate demurrers to the complaint for insufficiency of facts. The order-book entry of the ruling on the demurrers and the exception is as follows: "The court now sustains the demurrers to the complaint, to which ruling of the court the plaintiff at the time excepts and plaintiff now refuses to plead further," etc.

The errors assigned are "that the court erred in sustaining the appellees's demurrers to the appellant's complaint," and "that the court erred in sustaining each demurrer of each appellee to the appellant's complaint." This was necessarily a ruling as to each demurrer and an exception to the ruling as to each, and the errors assigned properly present the question. *Consumers Gas Trust Co.* v. *Howard* (1904), 163 Ind. 170, 71 N. E. 493; *Chicago, etc., R. Co.* v. *Hamilton* (1908), 42 Ind. App. 512, 85 N. E. 1044; *Farmers, etc., Ins. Co.* v. *Yetter* (1902), 30 Ind. App. 187, 65 N. E. 762.

It is not claimed that this complaint is good under the employers' liability act, but that it is good as a common-law action. Appellees' contention is that the complaint is insufficient, in that it nowhere alleges that decedent did not appreciate or have knowledge of the omissions of duty and the dangers alleged, so as to bring him within the nonassumption of the risk. It is alleged that he was a member of a bridge gang, but there is no allegation as to what his duties were under his employment, or that this work was not in the line of his duty and employment, or that he was ordered to do a thing outside the line of his employment. The contention of appellant is, that where the facts averred show the foreman to be a vice-principal, and the complaint proceeds on the theory of the servant being ordered into, and a

failure to be ordered out of, a dangerous place, it is suffi-
cient if it is alleged in general terms that the servant was
using due care and caution, and not contributing to his
injury. Thus two propositions are involved: (1) As to
the legal relations between the foreman and the decedent,
and (2) Does the allegation of using due care and caution
obviate the necessity for an allegation of want of knowledge
or appreciation of danger, so as to take the case out of the
category of assumed risks?

We take up the last proposition first, for the reason that
if the complaint is insufficient in that particular, the first
point is immaterial. In most mechanical employments
2.  there is an element of danger, hence we have the rule
that the employe assumes the risk of the danger ordi-
narily incident to the work. The rule that the servant does
not assume the risks not ordinarily incident to the service—
that is, extraordinary dangers—is the exception to the rule,
but it must be manifest that it is not the unusual hazard
alone which creates the liability, but the fact that the servant
does not know or appreciate the danger or hazard, for if he
does, clearly he comes within the class of those who assume
the risks of the ordinary dangers. It is his want of knowl-
edge or appreciation of the danger that takes the case out
of the assumed risks, and not the danger itself, for if that
were not true, the question would resolve itself into one of
degrees of danger, and the servant could not recover at all.
It is the exception engrafted upon the general rule that pro-
tects him. If, on the contrary, the servant has full knowl-
edge of, or appreciates the danger, or it is as well known to
him as to the master, or it could have been discovered by the
use of ordinary care, and then proceeds, even though this
includes a master's negligence, he must be regarded as hav-
ing assumed the risk of so doing. *Fort Wayne, etc., Traction
Co.* v. *Roudebush* (1909), 173 Ind. 57, 88 N. E. 676, 89 N. E.
369; *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105,

88 N. E. 1073, 89 N. E. 485; *Lake Shore, etc., R. Co.* v. *Johnson* (1909), 172 Ind. 548, 88 N. E. 849; *Cleveland, etc., R. Co.* v. *Morrey* (1909), 172 Ind. 513, 88 N. E. 932; *Robertson* v. *Ford* (1905), 164 Ind. 538, 74 N. E. 1; *Chicago, etc., R. Co.* v. *Barnes* (1905), 164 Ind. 143, 73 N. E. 91; *Hollingsworth* v. *Chicago, etc., R. Co.* (1903), 160 Ind. 259, 65 N. E. 750; *Brazil Block Coal Co.* v. *Gibson* (1903), 160 Ind. 319, 66 N. E. 882, 98 Am. St. 281; *Staldter* v. *City of Huntington* (1899), 153 Ind. 354, 55 N. E. 88; *Wabash R. Co.* v. *Ray* (1899), 152 Ind. 392, 51 N. E. 920; *Sievers* v. *Peters, etc., Lumber Co.* (1898), 151 Ind. 642, 50 N. E. 877, 52 N. E. 399; *Wolf* v. *Big Creek Stone Co.* (1897), 148 Ind. 317, 47 N. E. 664; *Myers* v. *W. C. DePauw Co.* (1894), 138 Ind. 590, 38 N. E. 37; *Ames* v. *Lake Shore, etc., R. Co.* (1893), 135 Ind. 363, 35 N. E. 117; *Jenney Electric, etc., Co.* v. *Murphy* (1888), 115 Ind. 566, 18 N. E. 30; *Brazil Block Coal Co.* v. *Hoodlet* (1891), 129 Ind. 327, 27 N. E. 741; *Indianapolis, etc., R. Co.* v. *Watson* (1888), 114 Ind. 20, 14 N. E. 721, 15 N. E. 824, 5 Am. St. 578; *Thayer* v. *St. Louis, etc., R. Co.* (1864), 22 Ind. 26, 85 Am. Dec. 409; *Columbia Creosoting Co.* v. *Beard* (1909), 44 Ind. App. 310, 89 N. E. 321; *United States Cement Co.* v. *Koch* (1908), 42 Ind. App. 251, 85 N. E. 490; *Indianapolis Traction, etc., Co.* v. *Holtsclaw* (1908), 41 Ind. App. 520, 82 N. E. 986; *Shaver* v. *Home Tel. Co.* (1905), 36 Ind. App. 233, 75 N. E. 288, 114 Am. St. 373; *Union Traction Co.* v. *Buckland* (1905), 34 Ind. App. 420, 72 N. E. 158; *Pittsburgh, etc., R. Co.* v. *Parish* (1902), 28 Ind. App. 189, 62 N. E. 514, 91 Am. St. 120; *Romona Oölitic Stone Co.* v. *Tate* (1895), 12 Ind. App. 57, 37 N. E. 1065, 39 N. E. 529; *Lynch* v. *Chicago, etc., R. Co.* (1894), 8 Ind. App. 516, 36 N. E. 44; *Becker* v. *Baumgartner* (1892), 5 Ind. App. 576, 32 N. E. 786.

For aught that appears from this complaint, decedent may have been in the direct line of his employment; he may have known of the neglect of the duties which are alleged to

have been neglected; he may have had full knowledge 3. of, and fully appreciated all the dangers incident to doing the work, or doing it as directed, or going where he did. If these things be true, the allegation that he was using due care and caution is not sufficient. That was his duty as to any service he may have been called on to render, even when the danger is an ordinary incident of the work, so that the complaint stands without any suggestion of his nonassumption of risk, and it is not supplied by an allegation of the use of due care and caution, for it is not a negation of knowledge or appreciation of the danger. It is entirely consistent with full knowledge and appreciation of the danger. *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 93, 69 N. E. 669, 102 Am. St. 185, and cases cited; *American Rolling-Mill Co.* v. *Hullinger* (1904), 161 Ind. 673, 67 N. E. 986, 69 N. E. 460; *Louisville, etc., R. Co.* v. *Corps* (1890), 124 Ind. 427, 24 N. E. 1046, 8 L. R. A. 636.

It is not shown that the manner of unloading the piling was not the usual one, or, if it was not, that decedent did not know it as well as any one, or that he had not as full knowledge and appreciation of the danger as any one, or at least that the conditions and results were as obvious to him as to any one. The allegations of the complaint rather imply his knowledge and appreciation.

It is impossible to uphold the complaint on the theory of a common-law action, and it is not claimed to arise under a statute.

What we said in the case of *Richey* v. *Cleveland, etc., R. Co.* (1911), 176 Ind. 542, 96 N. E. 694, disposes of the recommendations of the Appellate Court on the subject of jurisdiction.

Judgment affirmed.

NOTE.—Reported in 96 N. E. 700. See, also, under (1) 2 Cyc. 989; (2) 26 Cyc. 1196; 52 Am. Rep. 787; 34 Am. Rep. 621; 28 L. R. A. (N. S.) 1207; 30 L. R. A. (N. S.) 1067; 21 Ann. Cas. 763;

(3) 26 Cyc. 1397. As to the servants right of action for injuries received in obeying a direct command, generally, see 30 L. R. A. (N. S.) 436, and when accompanied by an assurance of safety, see 30 L. R. A. (N. S.) 453. As to distinction between assumption of risk and contributory negligence, see 21 L. R. A. (N. S.) 138.