BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY v. JOHNSON.

[No. 22,934. Filed May 31, 1917. Rehearing denied October 31, 1917.]

1. MASTER AND SERVANT.—*Railroads.*—*Injuries to Servant.*—*Negligence of Fellow Servant.*—*Statute.*—*Applicability.*—Section 8017 Burns 1914, Acts 1893 p. 294, making railroad companies liable in certain cases for personal injuries to employes caused by the negligence of fellow servants, applies only to cases wherein the injuries sued for were received as a result of hazards due to the operation of trains.   p. 580.

2. MASTER AND SERVANT.—*Railroads.*—*Injury to Servant.*—*Negligence of Fellow Servant.*—*Statute.*—Section 8017 Burns 1914, Acts 1893 p. 294, making railroad companies liable in certain cases for personal injuries to employes caused by the negligence of fellow servants, does not apply in a case where an employe was injured by a tie thrown from a stationary train by a fellow servant, since the injury was not due to a hazard of train operation.   p. 581.

From Scott Circuit Court; *Robert A. Creigmile,* Judge.

Action by John F. Johnson against the Baltimore and Ohio Southwestern Railroad Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*Edward Barton, Samuel Wells* and *McMullen & McMullens,* for appellant.

*Dixon & Meloy* and *Montgomery & Montgomery,* for appellee..

LAIRY, J.—Appellee recovered a judgment for personal injuries sustained by him while in the employ of the defendant.

It appears from the record that at the time appellee received the injury of which he complains, he was employed as a section man and was engaged in assisting in the unloading of cross-ties from a work train, which was standing on the tracks of appellant. The work train carrying the ties had been brought to a place where some of them were to be unloaded and there stopped on the main track, and appellee was directed by the section foreman to assist in the work. The ties were loaded on coal cars and were thrown off by men standing on top of the cars. In falling some of the ties lay near the track and some across the rails under the cars so as to make it necessary to remove them before the train could be moved. Appellee was directed to remove the ties that had fallen near to the rails and he remained standing out of danger until the men on top of the cars had been ordered to stop throwing ties from the cars. Charles Cline was the foreman of the men employed on the work train and Charles Davis was the local section foreman under whom appellee was employed. Cline and Davis were both on the ground on the opposite side of the train from appellee and were directing the work. Cline gave the order to the men on the cars to stop throwing off ties, and, in obedience to such order they desisted from work, whereupon appellee, in conformity to an order from Davis, his foreman, commenced moving the ties back from the rails. A minute or two later Cline called out, "Hurry up, get the ties out of the way," and immediately thereafter two men on one of the cars threw off a tie which struck appellee causing his injury.

It is conceded that the men who threw the tie which caused the injury were fellow servants of the injured employe for whose negligence the master was not liable at common law. *Southern R. Co.* v. *Elliott* (1907), 170

Ind. 273, 284, 82 N. E. 1051; *Indianapolis, etc., R. Co.* v. *Johnson* (1885), 102 Ind. 352, 354, 26 N. E. 200.

The Employers' Liability Act of 1911 was not in force at the time of the injury upon which this action is based, but appellee asserts that appellant was liable under the provisions of the Employer's Liability Act of 1893. Acts 1893 p. 294, §8017 Burns 1914. The theory upon which appellee asserts liability is that the injury was due to the negligence of Cline and that he was an employe engaged in the same common service with appellee and that he was, at the time, acting in place and performing the duty of the corporation in that behalf, and that appellee was injured while obeying the order of a superior within the meaning of the fourth subdivision of §8017, *supra*. It is also contended that Cline was a person in charge of a train upon a railroad and that the corporation was responsible for his negligence under the provisions of the same section.

It has been held by this court that the statute upon which appellant relies applies only to cases wherein the injuries sued for were received by an employe

1. as a result of hazards due to the operation of trains on railroads. In speaking of the application of this statute in a recent case, this court said: "We understand and hold that it should be limited to those who incur the hazard of, and injury by and from, the operating of trains, but we cannot go further without offending the prohibition of our own Constitution against special and class legislation." *Richey* v. *Cleveland, etc., R. Co.* (1911), 176 Ind. 542, 96 N. E. 694, 47 L. R. A. (N. S.) 121. The principle thus announced is sustained by a number of earlier decisions of this court. *Cleveland, etc., R. Co.* v. *Foland* (1910), 174 Ind. 411, 91 N. E. 594, 92 N. E. 165; *Indianapolis Traction, etc., Co.* v. *Kinney* (1908), 171 Ind. 612, 85 N. E. 954, 23 L. R. A. (N. S.) 711.

The undisputed evidence in this case shows that the injury to appellee did not result from any hazard incident to the operation of any train. He was injured by being struck with a tie thrown from a car by a fellow servant while the train was standing still. The injury might have happened in the same way if no locomotive had been attached to the car as was the case in *Indianapolis Traction, etc., Co.* v. *Kinney, supra,* where the injury resulted while appellee was engaged in unloading steel rails from a car. The decision in that case on the facts involved is conclusive against appellee's right to recover under the evidence in this case.

Judgment reversed, with instructions to the trial court to sustain appellant's motion for a new trial.

NOTE.—Reported in 116 N. E. 294. See under (1, 2) 18 L. R. A. (N. S.) 477; 47 L. R. A. (N. S.) 113; 26 Cyc 1375; 11 Ann. Cas. 924; 17 Ann. Cas. 514; (2) 47 L. R. A. (N. S.) 115.